IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES DARNELL JONES, *Plaintiff,* v. NEW KENSINGTON POLICE DEPARTMENT, *et al*, *Defendants.* | Civil Action No. 2:24-cv-583 Hon. William S. Stickman IV Hon. Maureen P. Kelly |

### **ORDER OF COURT**

Plaintiff Charles Darnell Jones ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983 while imprisoned as a pretrial detainee in the Westmoreland County Prison. Pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, Magistrate Judge Maureen P. Kelly issued a Report and Recommendation on June 18, 2024, recommending that the Court dismiss some claims with prejudice and others without prejudice. (ECF No. 11). She further recommended that the case be stayed and administratively closed until the resolution of his state criminal proceedings. Plaintiff was given until July 5, 2024, to file objections to the Report and Recommendation. (ECF No. 11).

No objections having been filed, the Court hereby ADOPTS Magistrate Judge Kelly's Report and Recommendation as its Opinion. It unequivocally agrees with her thorough analysis and legal conclusions.

AND NOW, this **25** day of July 2024, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against Magisterial District Judges Curtis Conway and Jason

1

Buczak are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted. The doctrine of absolute judicial immunity applies to these Defendants. The Court holds that further amendment would be futile.[1]

2. Plaintiff's claims against Prosecutors Amanda M. Rubin, Anthony S. Innamorelli, and Samuel Beaver are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted. The doctrine of prosecutorial immunity applies to these Defendants. The Court holds that further amendment would be futile.

3. Plaintiff's claims against Defendants Wade Diedrich, J Manderino, and Michael Garafolo are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

4. Plaintiff's request for habeas relief is DISMISSED AS MOOT.

5. Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), the Court will abstain from considering Plaintiff's claims against the New Kensington Police Department and Officers Jerry M. Hobeck, John C. Hamm, Jr., and Ben R. Michaels during the pendency of his state criminal proceedings.

IT IS FURTHER ORDERED that the Clerk of Court is to mark this case STAYED and ADMINISTRATIVELY CLOSED. Following the resolution of Plaintiff's state criminal case,

---

[1] *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility). "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2024).

3

he may move to reopen this action as to all claims dismissed without prejudice and/or those that the Court abstained from considering.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE